IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MELINDA FLEMING                                                                           PLAINTIFF

VS                                                         CIVIL ACTION NO: 3:19-cv-531-DPJ-FKB

CITY OF BYRAM, MISSISSIPPI
RICHARD WHITE, MAYOR IN HIS OFFICIAL CAPACITY
ALDERMEN RICHARD COOK IN HIS OFFICIAL CAPACITY,
ALDERWOMAN JANICE MOSER, IN HER OFFICIAL CAPACITY
ALDERWOMAN DIANDRA HOSEY, IN HER OFFICIAL CAPACITY
ALDERMEN CHARLIE CAMPBELL IN HIS OFFICIAL CAPACITY
ALDERWOMAN WANDA SMITH, IN HER OFFICIAL CAPACITY
ALDERMEN DAVID MOORE, IN HIS OFFICIAL CAPACITY                      DEFENDANTS

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

1.  COMES NOW the Plaintiff, Melinda Fleming, by and through undersigned counsel, and files this her Complaint against Defendants, City of Byram, Mississippi, Richard White, mayor in his official capacity Aldermen Richard Cook, Alderwoman Janice Moser, Alderwoman Diandra Hosey, Aldermen Charlie Campbell, Alderwoman Wanda Smith, Alderwoman Smith, Aldermen David Moore, and in support thereof would show this Honorable Court the following:

**JURISDICTION AND VENUE**

2.  This is an action arising under Title 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), alleging discrimination based on race and retaliatory actions directed toward Plaintiff Melinda Fleming by the Defendants City of Byram, Mississippi et al.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343.

3.  Venue is properly fixed in this division and district pursuant to 42 U.S.C. §2000 (e) since it is where the unlawful employment practices were committed, where the employment

records relevant to the unlawful conduct are maintained and administered and where Plaintiff was discriminated and retaliated against for exercising her rights to work in a work place free of discrimination based on her race and retaliation.

## PARTIES

4. Plaintiff Melinda Fleming is an adult resident citizen of the State of Mississippi, Southern District of Mississippi, Jackson Division.

5. Defendant City of Byram, Mississippi is a political subdivision of the State of Mississippi and may be served by serving the City Clerk of Byram, Mississippi in her official capacity.

6. Defendant Mayor Richard White, Mayor in his official Capacity as Mayor of Byram. Mayor White may be served at City Hall in Byram, Mississippi or where ever he may be found.

7. Defendant Aldermen Richard Cook in his official capacity. Aldermen Cook may be served at City Hall in Byram, Mississippi or where ever he may be found.

8. Defendant Alderwoman Janice Moser in her official capacity. Alderwoman Moser may be served at City Hall in Byram, Mississippi or where ever she may be found.

9. Defendant Alderwoman Diandra Hosey in her official capacity. Alderwoman Hosey may be served at City Hall in Byram, Mississippi or where ever she may be found.

10. Defendant Aldermen Charlie Campbell in his official capacity. Aldermen Campbell may be served at City Hall in Byram, Mississippi or where ever he may be found.

11. Defendant Alderwoman Wanda Smith in her official capacity. Alderwoman Smith may be served at City Hall in Byram or where ever she may be found.

12. Defendant Aldermen David Moore in his official capacity. Aldermen Moore may be served at City Hall in Byram or where ever he may be found.

## FACTS

13. In or about July, 2016, Plaintiff Melinda Fleming was hired as a Deputy Court Clerk for the City of Byram, Mississippi. Beginning in the fall of 2018, Plaintiff Melinda Fleming began experiencing desperate and discriminating treatment from her supervisor Paula Morrison which consisted of belittling and yelling at her as well as lying on her to other employees of the City of Byram including the Mayor and City Clerk. Plaintiff complained of desperate treatment and a hostile work environment to Ms. Morrison's immediate Supervisor, Angela Richburg and the Mayor of Byram, Richard White.

14. Plaintiff was granted a grievance hearing on or about November 1, 2018. At the hearing it was suggested that Plaintiff was the problem since she brought the hearing and that she should resign. Plaintiff refused. On or about January 10, 2019, Mayor White, without a formal resolution to Plaintiff's grievance hearing, told Plaintiff to resign or be fired. Plaintiff refused and was terminated.

15. Upon information and believe, the real reason Melinda Fleming was fired by Mayor White was because she is an African-American woman in violation of her rights under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

16. Plaintiff was terminated because she dared to complain about desperate treatment and a hostile work environment created by her immediate supervisor Paula Morrison. Simply put she was fired because she was an African American woman, she did not like being belittled and lied on by her supervisor and she filed a grievance.

17. It is undisputed that up to her filing of the discrimination claims against Defendants, Plaintiff Melinda Fleming had never received any disciplinary action.

18. During the relevant time period, Plaintiff was subjected to a hostile work environment and has been discriminated against and retaliated against based on her sex and race

in violation of her rights under Title VII of the Civil Rights Act of 1964.

19.  The effect of the unlawful employment practices and actions of Defendants complained of in the Paragraphs stated above have been to deprive Plaintiff Melinda Fleming of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and in retaliation for opposition to unlawful employment practices.

20.  The effect of the unlawful employment practices and actions of Defendants complained of in the Paragraphs stated above where intentional and were done with Malice or with reckless indifference to the federally protected rights of Plaintiff Melinda Fleming.

## ADMINISTRATIVE PROCEDURE

21.  On or about January 28, 2019, Plaintiff filed a charge of discrimination, satisfying the requirements of 42 U.S.C. 2000 (e), with the Equal Employment Opportunity Commission in Jackson, Mississippi. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.  A copy of the Discrimination charge is attached hereto as Exhibit "**A.**"

22.  After an investigation of the charges complained of, the Equal Employment Opportunity Commission issued a determination that based on its investigation, it was unable to conclude that the information obtained established violations of the statutes.  This does not certify that the respondent is in compliance with the Statues.  A copy of the determination letter is attached hereto as Exhibit "**B**"

23.  The Equal Employment Opportunity Commission mailed a Notice of Right to Sue letter to the Plaintiff on May 3, 2019 which was received on or about May 6, 2019.  A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "**C.**"

24.  This Complaint was filed within *ninety* (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites

to filing suit.

## COUNT I - RACE DISCRIMINATION - DISPARATE IMPACT

25. The allegations set forth in paragraph 1 through 24 above are incorporated herein as if fully reproduced.

26. The Defendant's practice of treating white employees more favorably than African-American employees in the terms and conditions of their employment, is an unlawful employment practice prohibited by Title 42 U.S.C. §2000 (e). Such practices have a disparate impact on African-Americans, including the Plaintiff.

## COUNT II - RACE DISCRIMINATION - DISPARATE TREATMENT

27. The allegations set forth in paragraphs 1 through 26 above are incorporated herein as if fully reproduced.

28. Plaintiff Melinda Fleming is a member of a protected class who was and is qualified for employment within the City of Byram, Mississippi received treatment different from that afforded to other similarly situated females because of her status as an African-American female. The acts committed by the Defendant were knowing, willful and intentional violations of Plaintiff's rights guaranteed under the Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. § 2000 (e-3) and Title 42 U.S.C. § 1981.

## COUNT III - RACE DISCRIMINATION - RETALIATION

29. The allegations set forth in paragraphs 1 through 28 above are incorporated herein as if fully reproduced.

30. Plaintiff Melinda Fleming is a member of a protected class who was and is qualified for advancement within the City of Byram, Mississippi. Defendants retaliated against Plaintiff because of her opposition to Defendants unlawful employment practices. The acts committed by the Defendant were knowing, willful and intentional violations of Plaintiff's rights guaranteed

under the Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. § 2000 (e-3) and Title 42 U.S.C. § 1981.

### COUNT IV - NEGLIGENT INFLECTION OF EMOTIONAL DISTRESS

31. The allegations set forth in paragraphs 1 through 30 above are incorporated herein as if fully reproduced.

32. Defendants, knew or should have known that they owed a legal duty to Plaintiff to use reasonable care to avoid actions that would cause emotional distress to Plaintiff. In particular Defendant knew or should have known that the outrageous, embarrassing and reckless manner he used in terminating Plaintiff from her employment cause Plaintiff and others similarly situated emotional stress in this matter.

33. Notwithstanding such knowledge, Defendants, acting with negligence, and with reckless disregard for Plaintiff and in an extreme manner, terminated Plaintiff. Such grossly negligent acts directly caused Plaintiff to sustain emotional damages as set forth herein.

34. Defendants breached their duties in this regard and as a proximate result thereof, Plaintiff was caused to suffer inconvenience, aggravation, emotional distress, mental anguish, the expense of retaining an attorney, financial loss and material damage.

### DAMAGES

35. The allegations set forth in paragraphs 1 through 34 above are incorporated herein as if fully reproduced.

36. Because of the foregoing acts of the Defendant, Plaintiff has suffered damages including but not limited to lost wages, lost benefits, lost earning capacity, emotional distress resulting in physical and mental injury, inconvenience and other non-pecuniary losses.

**WHEREFORE,** PREMISES CONSIDERED, Plaintiff requests that the Court take jurisdiction over this cause and, after hearing evidence, award the following:

a) Injunctive relief requiring Defendants to reinstate Plaintiff as an employee with her job title of Deputy Court Clerk for the City of Byram, Mississippi;

b) Back pay and all fringe benefits that have accrued since Plaintiff's termination on January 10, 2019.

c) Punitive damages in an amount to be determined at trial for Defendants' intentional discriminatory conduct conducted with malice, or in the alternative, with reckless indifference to Plaintiff's federally protected right to be free from retaliation and discrimination;

d) Compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other nonpecuniary losses as permitted by Sections 102(b)(3) of the Civil rights Act of 1991;

e) All costs of court including reasonable attorney's fees when and if counsel is engaged, and expenses incurred in the prosecution of this cause pursuant to 42 U.S.C. § 2000e-5(k);

f) A jury trial is demanded in accordance with § 102(c) of the Civil Rights Act of 1991; and

g) All further and general relief that the Court finds appropriate under the circumstances.

THIS THE **30th** day of July, 2019.

                                         **RESPECTFULLY SUBMITTED:**

                                  **BY:   /s/ S. Malcolm O. Harrison**
                                      S. Malcolm O. Harrison, Esq.
                                      *Attorney for Melinda Fleming*

Of Counsel:

S. Malcolm O. Harrison MSB# 9965
ATTORNEY AT LAW
P.O. Box 483
Jackson, MS  39205-0483
601/948-5030
601/948-5044
Malcolm.harrison@malcolmharrisonlawoffice.com